MOSES STONE & F. H. SKINNER *v.* M. M. LYON ET AL.

Mortgages—Failure of Mortgagee to Assert Mortgage.

The failure of a mortgagee to assert his claim for many years, while the property is still in the hands of his principal who thereby could use same for the purpose of inducing others to become his surety, or to disclose his lien when the property is being disposed of, are cogent circumstances against the justness of his claim.

Claim—Personal Property—Estoppel.

A failure to disclose a lien on personal property for many years after a sale thereof by the mortgagor, and with the knowledge of the mortgage, held to be such negligence as to operate as an estoppel against the claim.

Mortgages—Sale of Property with Actual Notice.

A mortgagee who knowingly permits and sanctions the sale of lands embraced in his mortgage, and allowed the purchaser to occupy same adversely to his claim for a period of years before he discloses his claim, is debarred from asserting his claim under the mortgage, against the purchasers of the property.

APPEAL FROM LYON CIRCUIT COURT.

December 11, 1868.

OPINION OF THE COURT BY JUDGE HARDIN:

On the 29th day of April, 1852, M. M. Lyon gave his note to F. H. Skinner for $2,434, payable one day thereafter, and as security for the debt Lyon, at the same time, executed a mortgage to

Skinner of a tract of about 412 acres of land and some slaves, the condition of the mortgage requiring payment of the debt within twleve months from its date.

The mortgage was recorded in Caldwell county in which Lyon, who retained possession of the property, resided and the land was situated. But afterwards the new county of Lyon was formed including the land and residence of the mortgagor.

Some time after the execution of the mortgage Lyon entered into an executory contract for a sale of the land to N B. Frasier, and gave bond for a conveyance and put him in possession, and Frasier after occupying the land for a time, transferred his purchase to his son-in-law Moses Stone, to whom Lyon made an absolute conveyance of the land on the 29th of December, 1857, for the expressed consideration of $2,500.

Lyon was afterwards the sheriff of Lyon county and failed to pay into the treasury of the State the revenues collected by him for the years 1858 and 1859, and the Commonwealth recovered judgment therefor against him and his sureties in his official bond. On these judgments executions were issued and levied on the slaves of Lyon in 1861, and the property being sold by the sheriff J. H. Roe became the purchaser of part of the slaves, and the appellees Braswell and Cobb became the purchasers of the others.

In April, 1863, Skinner brought this suit in equity against said Lyon, Roe, Braswell, Cobb and Stone seeking a foreclosure of his mortgage, and to subject the land to sale in the hands of Stone, and the slaves in the hands of said Roe, Braswell and Cobb. He subsequently filed an amended petition alleging that Braswell and Cobb had caused the sale to be made by the sheriff by executing a bond of indemnity to the sheriff and that they were liable for a wrongful conversion of the slaves to their use.

Stone answered the petition claiming to be an innocent purchaser of the land without notice of the plaintiff's claim and alleging that the sale and conveyance were made by Lyon with the knowledge and assent of Skinner, who was estopped thereby. He also charged that the claim of Skinner had been satisfied.

The purchasers of the slaves also resisted any recovery against them on the grounds that their purchase was legal and at least, substituted them to the rights of the mortgagor, who had never been required to relinquish the possession of the slaves till the late war operated to free them; they moreover controverted the plain-

tiff's claim as having been discharged and on the ground that it was barred by limitation.

The court dismissed the action as to Roe, Cobb and Braswell, but adjudged a foreclosure of the mortgage on the land, and both Skinner and Stone seek a reversal of the judgment in this court.

Several facts and circumstances disclosed in the record reflect suspicion on the claim of Skinner as well as conduce to the conclusion that, if his debt and mortgage were valid originally, most of his debt had been satisfied before the defalcation of Lyon as sheriff.

Young, the sheriff, proves that while he had in his hand the executions against Lyon and his sureties, for unpaid revenue Skinner told him, on being informed of the executions, that Lyon "owed him some but that he should not trouble him about it." His failure to sue or assert claim to the mortgage property for many years, while the possession of it must have given Lyon credit and operated to induce others to become his sureties—his failure either to disclose or assert his claim when Lyon sold the land to Frasier and put him in possession or even afterwards till it was conveyed to Stone, and when in this litigation his debt and mortgage were assailed as fraudulent and unjust, his failure to take the deposition of Lyon or any evidence to sustain his claim, are all cogent circumstances against the justness of his claim

But in our opinion, such a state of fact is disclosed as should estop Skinner from setting up his mortgage against either Stone or the execution purchasers.

In addition the facts already referred to, it is sufficiently proved that he had actual knowledge of the sale of the land to Frasier and assented to it and permitted the land to be held and occupied adversely to his claim for near five years, and a portion of the purchase money to be paid, a part of which he received himself, before he disclosed the existence of his debt and mortgage or asserted his claim as mortgagee.

On the whole, we think the conclusion is fully authorized that he knowingly permitted and sanctioned the sale of the land, and that equity should debar him from enforcing his mortgage on the land against the claim of the purchasers who, with apparent approval of Skinner, bought and paid for the land.

For the reasons we have indicated it seems to us the court erred in adjudging a foreclosure of the mortgage on the land; but for the same and other reasons we concur in the judgment as to the purchasers of the slaves.

Wherefore, the judgment is affirmed on the appeal of Skinner, but on the appeal of Stone it is reversed, and the cause remanded with directions to dismiss the petition as to him.

*Campbell, Wake, Dabney,* for appellants.

*James, Marble,* for appellees.